NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |  |
|---|---|---|
| VINCENT MAHAN, | : | Civil Action No. 14-5038 (RMB) |
| Plaintiff, | : | |
| | : | **MEMORANDUM OPINION AND ORDER** |
| v. | : | |
| STATE OF NEW JERSEY, | : | |
| Defendant. | : | |

On August 12, 2014, the Clerk docketed Plaintiff's application titled "Motion For Dis[]mis[sa]l Of All Charges Due to Fraudul[ent] Filing Of Charges + The Right To Minutes Of The Grand Jury[']s Testimon[ies]." See Docket Entry No. 1 (capitalization and the plus sign in original). The application, having a caption reading "State of New Jersey v. Vincent Mahan," Criminal [Index] No. [blank], Indictment No. [blank]," arrived unaccompanied by a filing fee or by Plaintiff's application to proceed in this matter in forma pauperis. See id.

Understandably confused by such application, the Clerk of the Court docketed it as a Section 1983 civil complaint and changed the caption to "Mahan v. State of New Jersey." See generally, Docket. The Clerk is correct in its observation that the nature of Plaintiff's application is not immediately apparent from the face of the document he submitted.

On the one hand, the application could be construed as a civil complaint in light of Plaintiff's references to the prosecutor (of what appears to be Plaintiff's currently ongoing state criminal prosecution) and to the tribunal presiding over his prosecution.  See id. at 1 (stating that Plaintiff is "an indigent and pauper victim of the clerks['] scheme along with the court and prosecutor's false indictment, violation of my due process and counterfict [sic] charges").  On the other hand, the application could be construed as Plaintiff's notice of removal of his criminal prosecution to this District.  See id. at 2 ("I ask that the United States Federal Government court house in the District Camden New Jersey intervene to govern my rights as a citizen of the United States") (grammar and punctuation in original).  Moreover, read literally, the application could be construed as a request for production of Jencks v. United States, 353 U.S. 657 (1957), material.  See id. at 1 (asserting that "[t]his Petitioner has a right to file motions to this Court" and referring to "a transcript request notice").

To the extent Plaintiff's application was intended to operate as a notice of removal of Plaintiff's state prosecution to this District, the application requires remand.  Section 1443 governs removal of criminal matters "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of

the United States." 28 U.S.C. § 1443(1). A criminal defendant seeking removal of his state prosecution to federal court under § 1443 must: (a) allege a denial of his rights on account of race; and (b) detail the facts showing that he cannot enforce his federal rights in state court. See Del. v. Hefley, 403 F. App'x 677, 678 (3d Cir. 2010) (citing Johnson v. Miss., 421 U.S. 213, 219-20 (1975)).[1] Therefore, "removal is not warranted when it is based solely on petitioners' allegations that the statutes underlying the charges against them were unconstitutional, that there was no basis in fact for those charges, or that their arrest and prosecution otherwise denied them their constitutional rights." In re Oke, 436 F. App'x 138, 139 (3d Cir. 2011) (internal citations and quotations omitted).

Here, Plaintiff has not identified any right conferred on him by a federal statute concerning racial equality that would inevitably be violated by his prosecution in the state forum, and there does not appear to be any such right. What Plaintiff is expressing is: (a) his desire to examine and utilize testimony of the witnesses called to testify before his grand jury; and (b) his belief that the criminal charges against him are meritless.

---

[1] In other words, the criminal defendant must allege a deprivation of rights guaranteed by a federal law "providing for specific civil rights stated in terms of racial equality," Pa. v. Randolph, 464 F. App'x 46, 47 (3d Cir. 2012) (internal citations and quotations omitted), and show that his federal civil rights would "inevitably be denied by the very act of being brought to trial in state court." Id.

None of these warrants removal.  While Plaintiff might be correct in his belief that his criminal charges are meritless, the state process provides him with a constitutionally-sound opportunity to establish the same.  See Cade v. Newman, 422 F. Supp. 2d 463, 466 (D.N.J. 2006) ("this Court may assume that the state procedures will afford an adequate remedy") (citing Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 17 (1987), for the observation that, [i]nitially, we must presume that the state courts are able to protect the interests of the federal plaintiff").  Plaintiff has not alleged any facts to support the contrary conclusion.  Therefore, in the event Plaintiff's application was intended to operate as a notice of removal, his prosecution will be remanded back to the state court.

To the extent Plaintiff's application sought this Court's intervention in his state prosecution, such intervention is unwarranted under by the doctrine of abstention.  The doctrine has developed since Younger v. Harris, 401 U.S. 37 (1971), and it "espoused a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances."  Middlesex County Ethics Committee v. Garden State Bar Ass'n, 457 U.S. 423, 431 (1982).  "Younger abstention," as that teaching is known, "is premised on the notion of comity, a principle of deference and 'proper respect' for state governmental functions in our federal system."  Evans

4

v. Court of Common Pleas, Delaware County, Pa., 959 F.2d 1227, 1234 (3d Cir. 1992), cert. dismissed, 506 U.S. 1089 (1993). Comity concerns are especially heightened when the ongoing state governmental function is a criminal proceeding.  See id.; see also Gonzalez v. Waterfront Comm'n of the N.Y. Harbor, 755 F.3d 176, (3d Cir. 2014) ("In Younger, the Supreme Court held that, absent a showing of bad faith or an intent to harass, federal courts should decline requests to enjoin state criminal prosecutions, "particularly . . . when the moving party has an adequate remedy" in state court. Although [the Younger principal was] crafted in  the criminal context, the Supreme Court has since extended Younger's application to bar federal interference with certain state civil and administrative proceedings") (internal citations and quotations omitted).  Since Plaintiff's state proceedings are penal, and his allegations derive from his concerns with being criminally charged and the availability of Jencks material, and he is availed to adequate remedies in the state forum, the Younger considerations advocate against this Court's interference in his prosecution.  Thus, to the extent Plaintiff's application was intended to operate as a motion seeking such interference, it will be denied.[2]

---

[2]  A copy of the criminal complaint filed against Plaintiff in the state court: (a) is attached to Plaintiff's application; (b) indicates that Plaintiff was charged with controlled substance offences on the basis of the events that transpired on August 9, 2013; and (c) does not suggest that the criminal

The foregoing analysis leaves this Court with the Clerk's construction of Plaintiff's application as a civil complaint submitted under 42 U.S.C. § 1983.[3]  In the event such submission was intended, Plaintiff's application is deficient.  The Clerk will not file a civil complaint unless the person seeking relief pays the entire applicable filing fee in advance or applies for and is granted in forma pauperis status pursuant to 28 U.S.C. § 1915.  See Local Civil R. 5.1(f).[4]

If a prisoner seeks permission to file a civil rights complaint in forma pauperis, the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires him to file an affidavit of poverty and his certified prison account statement for the six-month period preceding the complaint.  See 28 U.S.C. §

---

proceedings were commenced with intent to harass or in bad faith. See Docket Entry No. 1, at 3-6.

[3]  The closing paragraph of Plaintiff's application suggests his interest in raising a conditions of confinement claim.  See Docket Entry No. 1, at 2 (asserting "over crowdedness by forcing 3 to 4 men in a 1 man cell.  Safty violation codes of cracks and leaks in ceilings that could fall in any moment") (grammar in original).

[4]  The entire fee to be paid in a civil suit is $400.  That fee includes a filing fee of $350 plus an administrative fee of $50, for a total of $400.  A prisoner who is granted in forma pauperis status will, instead, be assessed a filing fee of $350 and will not be responsible for the $50 administrative fee.  If in forma pauperis is denied, the prisoner must pay the full $400, including the $350 filing fee and the $50 administrative fee, before the complaint will be filed.

1915(a)(2).[5]  Here, Plaintiff is a prisoner.  See Docket Entry No. 1.  He did not prepay his filing fee, and he failed to submit his affidavit of poverty and certified prison account statement. The nature of his application indicates that he is not in danger of imminent physical injury warranting the grant of conditional in forma pauperis status.  Correspondingly, to litigate his civil rights claims, if any, he is obligated to execute a bona fide civil complaint and submit it jointly with his $400 filing fee or his complete in forma pauperis application.[6]

---

[5]  The PLRA further provides that, if the prisoner is granted permission to file the complaint in forma pauperis, then the Court is required to assess the $350.00 filing fee against the prisoner and collect the fee by directing the agency having custody of the prisoner to deduct installment payments from the prisoner's prison account equal to 20% of the preceding month's income credited to the account for each month that the balance of the account exceeds $10.00.  See 28 U.S.C. § 1915(b).  In addition, if the prisoner is granted permission to proceed in forma pauperis, then the PLRA requires this Court to screen the complaint for dismissal and to dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from an defendant who is immune from such relief.  Also, under the PLRA, if a prisoner has, on three or more occasions while incarcerated, brought an action or appeal in a federal court that was dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from immune defendants, then the prisoner may not bring another action in forma pauperis unless he is in imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

[6]  This Court stresses that Plaintiff's prepayment of his filing fee or his submission of a complete in forma pauperis application does not guarantee Plaintiff a favorable outcome of his litigation or even service of process on the defendants he names.  Under § 1915(e), the Court will be obligated to sua sponte dismiss all his allegations that are frivolous or malicious, or fail to state a claim upon which relief may be

IT IS, therefore, on this **15th** day of **August** **2014**,

**ORDERED** that, in the event Plaintiff's application was intended to operate as a notice of removal, the application is denied, and Plaintiff's prosecution is remanded back to the state court; and it is further

**ORDERED** that the Clerk shall serve this Memorandum Opinion and Order upon the Clerk of the Superior Court of New Jersey, Law Division, Camden County, Criminal Division. Such service shall be executed by regular U.S. mail and accompanied by a notation reading, "IN CONNECTION WITH STATE OF NEW JERSEY v. VINCENT MAHAM, INDICTMENT No. 3541-12-13"; and it is further

**ORDERED** that, in the event Plaintiff's application was intended to operate as a request for this Court's intervention in his state prosecution, Plaintiff's application is denied; and it is further

**ORDERED** that, in the event Plaintiff's application was indicative of Plaintiff's plans to commence a civil rights action in this District, Plaintiff's application is denied without prejudice to commencing a new and separate bona fide civil action

---

granted, or seek monetary relief from a defendant immune from such relief. See 28 U.S.C. § 1915(e)(2)(B); see also Neitzke v. Williams, 490 U.S. 319, 325 ("An action is frivolous if it "lacks an arguable basis either in law or in fact"); accord Ashcroft v. Iqbal, 129 S. Ct. 1951 (2009) (a civil claim must be based on facts, not conclusions, and it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation").

by Plaintiff's timely filing of an appropriate complaint (stating the facts of his civil claims and the remedies he is seeking as to those civil claims), which should be submitted jointly with Plaintiff's filing fee or his duly executed, complete <u>in forma pauperis</u> application; and it is further

    **ORDERED** that the Clerk shall serve this Memorandum Opinion and Order upon Plaintiff by regular U.S. mail and shall enclose in said mailing a blank civil complaint form and a blank <u>in forma pauperis</u> application for incarcerated individuals seeking to commence a civil matter; and it is finally

    **ORDERED** that the Clerk shall close the file on this matter.

                                        <u>s/Renée Marie Bumb</u>
                                        **RENÉE MARIE BUMB**
                                        **United States District Judge**